## A. B. SMITH *et al.*

*v.*

## THE PEOPLE *ex rel.* Louis C. Huck.

SPECIAL ASSESSMENT—*of park commissioners—who to make return to county collector.* A return of lands as delinquent for an installment of a special assessment for park purposes is properly made by the park commissioners to the county collector, notwithstanding they may have appointed a collector. The park commissioners are the *corporate authorities,* within the meaning of the Park act, and may properly make such return themselves.

APPEAL from the County Court of Cook county; the Hon. M. R. M. WALLACE, Judge, presiding.

Mr. WILLIAM HOPKINS, for the appellants.

Messrs. ROOT & ARRINGTON, and Messrs. LEAMING & THOMPSON, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an appeal from the judgment of the county court against certain lands for an installment of a special assessment for the South Park, the amount of which had been adjudged as required by law.

The lands in question were, as appeared by the record before the county court, returned as delinquent by "the South Park Commissioners" to the county collector, and afterwards were returned by the county collector as delinquent.

Appellants insist that the return to the county collector is required by law to be made by the collector appointed by the commissioners, and that a return by the commissioners themselves is not such a return as is essential as a basis for a judgment against the lands in the county court. This is the only question made by appellants.

This position is not sound. The 3d section of the act of June 16, 1871, (Rev. Stat. 1874, p. 736,) relating to the powers of these commissioners, enacts, that "the said corporate author-

ities, or their officer, * * * shall have full power and authority to collect said assessments from the owners of such lands, and to give all proper receipts and discharges therefor." By the Revenue act (Rev. Stat. 1874, p. 887, sec. 187,) it is provided, that when any special assessment remains unpaid on the 10th of March next after the same should have been paid, " return thereof shall be made to the county collector, * * * in like form as returns are made for delinquent land tax."

As to the form in which returns were made for delinquent land tax, sec. 172 of the Revenue act (Rev. Stat. 1874, p. 886,) provides, that " each town or district collector shall * * * make out and deliver to the county collector a list of the real estate * * * on which taxes remain due and unpaid, * * * and shall swear to the correctness of such list, and that the taxes therein set forth remain due and unpaid—which affidavit shall be attached to said list."

It is insisted in this case, that inasmuch as these South Park commissioners did appoint as their officer, for the collection of this tax, a collector (as authorized by the statute), with " full power and authority to collect" this installment of this " assessment, and to give all proper receipts and discharges therefor," it follows that the return to the county collector of lands in this regard as delinquent could only be made by this collector, who was " the officer" of the park commissioners.

Whatever might be thought upon this proposition, in view of the portions of the statute referred to by appellants, in the absence of any other legislation it is necessary that we also consider another part of the same section of the Park act, wherein it is expressly enacted, that " in case said assessments, or any part thereof, * * * shall not be paid, * * * it shall be the duty of *the corporate authorities* to return to the county treasurer * * * a list * * * of the * * * parcels of land upon which such assessment remains unpaid," etc., providing that the county collector may thereupon proceed to collect.

In view of all the provisions of the statute, we think it clear

that the commissioners were the proper persons to make this return to the county collector, and that the position of appellants can not be sustained.

The judgment must be affirmed.

*Judgment affirmed.*